IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JOREL SHOPHAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-cv-2280-EFM-TJJ |
| | ) | |
| JOHNSON COUNTY, KANSAS, | ) | |
| CHRISTINA GYLLENBORG, and | ) | |
| KRISSY GORSKI | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This case was transferred to this Court from the Northern District of Illinois on June 4, 2020.[1] On August 12, 2020, Defendant Christina Gyllenborg ("Gyllenborg") filed a motion to strike summons and dismiss the complaint as it relates to her.[2] The next day, Gyllenborg filed a motion to stay discovery,[3] which the Court considers now. Plaintiff has filed a response in opposition and motion to strike the motion to stay discovery.[4] For the reasons discussed below, the Court grants Gyllenborg's motion to stay discovery and denies Plaintiff's motion to strike the motion to stay discovery.

The decision whether to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court.[5] "The general policy in this district is not to stay discovery

---

[1] *See* ECF No. 10.

[2] ECF No. 22. Gyllenborg also seeks filing restrictions against Plaintiff.

[3] ECF No. 24.

[4] ECF Nos. 25 and 26. These documents appear to be identical.

[5] *Monroe v. City of Lawrence, Kan.*, No. 13-2086-EFM-DJW, 2013 WL 6154592, at *2 (D. Kan. Nov. 21, 2013) (citing *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) and *McCoy v. U.S.*, No. 07–2097–CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007)).

even though dispositive motions are pending."[6] However, there are exceptions to this general policy, including "where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[7]

Generally, a defendant is entitled to have questions of immunity resolved before being required to engage in discovery.[8] The Supreme Court has also held that until the "threshold immunity question is resolved, discovery should not be allowed."[9] One reason for this is to allow courts to "weed out" lawsuits "without requiring a defendant who rightly claims qualified immunity to engage in expensive and time consuming preparation to defend the suit on the merits."[10]

In this case, the Court finds a stay of discovery is appropriate. Gyllenborg has asserted judicial immunity in her motion to dismiss. The Tenth Circuit has held judges are entitled to immunity so they may "exercise their functions with independence and without fear of consequences."[11] The Court will not require Gyllenborg to engage in potentially expensive and time-consuming discovery unless and until after the immunity question is decided. Therefore, the Court stays discovery and all other Rule 26 obligations in this case pending further order.

---

[6] *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994) (citing *Kutilek v. Gannon,* 132 F.R.D. 296, 297–98 (D. Kan.1990)).

[7] Id.

[8] *See Pfuetze v. Kansas*, No. 10-1139-CM-GLR, 2010 WL 3718836 (D. Kan. Sept. 14, 2010) (citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)).

[9] *Harlow v. Fitzgerald*, 457 U.S. 800, 819 (1982).

[10] *Siegert v. Gilley*, 500 U.S. 226, 232 (1991).

[11] *Van Sickle v. Holloway*, 791 F.2d 1431, 1435 (10th Cir. 1986).

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Gyllenborg's Motion to Stay Discovery (ECF No. 24) is granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike and Opposition to Motion to Stay (ECF No. 26) is denied.

**IT IS SO ORDERED.**

Dated September 9, 2020, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge