# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JOREL SHOPHAR,  )
  )
  Plaintiff,  )
  )
v.  )    Case No. 20-cv-2280-EFM-TJJ
  )
JOHNSON COUNTY, KANSAS, et al.,  )
  )
  Defendants.  )

## NOTICE AND ORDER TO SHOW CAUSE

TO THE PLAINTIFF JOREL SHOPHAR:

Plaintiff, proceeding *pro se*, has filed a notice of removal of a protection from stalking

("PFS") order, pursuant to K.S.A. 60-31a01, issued by the District Court for Johnson County,

Kansas. In his notice of removal, Plaintiff purports to name three parties to this action:  Johnson

County, Kansas; Judge Christina Gyllenborg ("Gyllenborg"), the state court judge who entered

the PFS order; and Krissy Gorski ("Gorski"), who filed for the PFS order against Plaintiff. It is

unclear from the documents filed by Plaintiff what specific relief he is requesting from this court.

Plaintiff, a resident of the state of Illinois, initially filed his notice of removal in the

United States District Court for the Northern District of Illinois; the case was subsequently

transferred to this court on June 4, 2020.  Gyllenborg has filed a motion to strike summons and

dismiss the complaint, as well as a request for filing restrictions against Plaintiff based on his

history of filing vexatious, harassing or duplicative lawsuits related to Gorski and their children.[1]

Discovery has been stayed pending further order.

---

[1] *See Shophar v. United States,* No. 5:19-CV-04052-HLT, 2019 WL 6700405 (D. Kan. Dec. 9, 2019); *Shophar v. Kansas,* No. 16-CV-4043-DDC-KGS, 2017 WL 2264467 (D. Kan. May 23, 2017), aff'd sub nom. Shophar v. City of Olathe, 723 F. App'x 579 (10th Cir. 2018); *Shophar v. City of Olathe*, No. 15-CV-4961-DDC-KGS, 2017 WL 2618494 (D. Kan. June 16, 2017), aff'd, 723 F. App'x 579 (10th Cir. 2018). *See also Shophar v. Gorski*, No. 17-CV-

Federal Rule of Civil Procedure 12(h)(3) requires that the court dismiss the action if it "determines at any time that it lacks subject-matter jurisdiction." Federal courts have an independent obligation to determine whether subject-matter jurisdiction exists, and may *sua sponte* raise that question at any stage in the litigation.[2] The burden of establishing subject-matter jurisdiction is on the party seeking removal to federal court, and there is a presumption against its existence.[3]

Federal district courts have limited jurisdiction,[4] and the right to remove a case from a state to a federal court is statutory. The procedural requirements for removal are set forth in 28 U.S.C. § 1446. One of those requirements is that the moving party file "a short and plain statement of the grounds for removal."[5] This is necessary to show that the federal court has subject-matter jurisdiction over the removed action. Plaintiff has made no such showing in this case.

Indeed, it appears this court lacks subject-matter jurisdiction over Plaintiff's purported removal of the state court PFS order in this action under either the *Rooker-Feldman* doctrine and/or the *Younger* abstention doctrine. Under the *Rooker–Feldman* doctrine, federal district courts generally lack subject-matter jurisdiction over claims that seek review of adverse state

13322, 2018 WL 4442268 (E.D. Mich. Sept. 18, 2018), aff'd, No. 18-2115, 2019 WL 4849253 (6th Cir. Mar. 28, 2019).

[2] *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006).

[3] *Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014).

[4] *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).

[5] 28 U.S.C. § 1446(a). This order will focus on the issue of subject-matter jurisdiction and not address Plaintiff's apparent failures to comply with the statutory requirements and procedure for removal of civil actions. *See* 28 U.S.C. § 1441 *et seq.*

court judgments.[6] The *Rooker–Feldman* doctrine bars "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."[7] The reach of this doctrine is substantial and is not limited to the decisions from the state's highest court.[8] This prohibition extends to all state court decisions, final or otherwise, and covers both claims actually decided by the state court and issues "inextricably intertwined" with such claims.[9] In the context of a Kansas state protection from abuse order, this federal district court in *Ely v. Hill*[10] found that it lacked subject-matter jurisdiction under the *Rooker-Feldman* doctrine, noting the plaintiff's only remedy, to the extent such remedy existed, was to seek review of the state court decision through the Kansas appellate courts.

Additionally, this Court appears to lack jurisdiction under the *Younger* abstention doctrine.[11]  This doctrine is based on principles of federalism, comity, and respect for state functions[12] and provides that a federal court cannot interfere with state court proceedings, absent extraordinary circumstances.[13] Specifically, "[a] federal court must abstain from exercising

---

[6] *See D.C. Court of Appeals v. Feldman*,460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings."); *Rooker v. Fidelity Tr. Co.,* 263 U.S. 413, 416 (1923) (holding that "no court of the United States other than [the Supreme Court] could entertain a proceeding to reverse or modify [a state court's] judgment  for  errors").

[7] *Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1169 (10th Cir. 1998) (citing *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)).

[8] *Dubinka v. Judges of Superior Court*, 23 F.3d 218, 221 (9th Cir. 1994).

[9] *Mounkes*, 922 F.Supp. at 1509; *Atkinson-Bird v. Utah, Div. of Child & Family Servs.*, 92 F. App'x 645, 647 (10th Cir. 2004).

[10] No. 00-4103-DES, 2001 WL 686149, at *2 (D. Kan. June 15, 2001), aff'd, 35 F. App'x 761 (10th Cir. 2002).

[11] *Younger v. Harris*, 401 U.S. 37, 43-45 (1971).

[12] *Id.* at 44.

[13] *Amanatullah v. Colorado Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999).

jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings 'involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.'"[14] Once the court finds that these conditions have been met, the federal court has no discretion to exercise jurisdiction; rather, *Younger* abstention is mandatory absent extraordinary circumstances.[15] When *Younger* abstention applies, a court must dismiss without prejudice any actions for injunctive or declaratory relief and stay proceedings seeking damages.[16] Finally, a court may raise the application of *Younger* sua sponte.[17]

**IT IS THEREFORE ORDERED THAT** Plaintiff is hereby required, on or before **November 30, 2020**, to show good cause in writing to the Honorable Eric F. Melgren, United States District Judge, why this case should not be dismissed for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3) or remanded to the District Court for Johnson County, Kansas for further adjudication based upon the lack of subject-matter jurisdiction.

A Copy of this Notice and Order to Show Cause shall be mailed to Plaintiff.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 29th day of October 2020.

Teresa J. James
U. S. Magistrate Judge

---

[14] *Id.*

[15] *Crown Point I, LLC v. Intermountain Rural Elec Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003).

[16] *Chapman v. Barcus*, 372 Fed.Appx. 899, 902 (10th Cir. 2010); *Buck v. Myers*, 244 Fed.Appx. 193, 198 (10th Cir. 2007).

[17] *Sanchez v. Wells Fargo Bank, N.A.*, 307 Fed.Appx. 155, 157 (10th Cir. 2009).