## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JOREL SHOPHAR,

*Plaintiff,*

vs.                                                                   Case No. 20-CV-2280-EFM-TJJ

JOHNSON COUNTY, KANSAS, *et al.,*

*Defendants.*

## MEMORANDUM AND ORDER

Plaintiff Jorel Shophar, proceeding pro se, filed a notice of removal in the U.S. District Court for the Northern District of Illinois of a protection from stalking ("PFS") order issued by the Johnson County District Court.  In his notice, Shophar listed Johnson County, Kansas, Johnson County Judge Christina Gyllenborg, and Krissy Gorski as defendants.  The case was subsequently transferred to this Court on June 4, 2020.  Now before the Court is Defendant Gyllenborg's Motion to Strike Summons and Third Party Complaint, Motion to Dismiss Third Party Complaint, and Motion for Filing Restrictions (Docs. 22 & 23).  For the reasons discussed below, the Court grants the motion in part.

### I.        Factual and Procedural Background

This action is essentially a challenge to a state court PFS order issued by the Johnson County District Court.  In May 2020, Gorski—the mother of Shophar's children—filed a Petition

for Protection from Stalking with the Clerk of the Johnson County District Court pursuant to Kansas law. Shortly thereafter, Shophar removed the case to the U.S. District Court for the Northern District of Illinois, asserting that he has a right to a fair trial on the issues alleged in the PFS petition. He further alleges that the PFS order was fraudulently entered, and that the named defendants have engaged in "malicious conduct" and are attempting to cover up physical and sexual abuse of children.

Due to the apparent lack of subject-matter jurisdiction as to Shophar's claims, Magistrate Judge Theresa James ordered Shophar to show good cause why this case should not be dismissed for lack of subject-matter jurisdiction. In his twenty-page response, Shophar wholly failed to address the Magistrate Judge's order. Instead, he argued that the three named defendants have harassed him and abused the court system. Notably, however, in the four years leading up to Shophar's filing of his Notice of Removal, Shophar has filed at least fourteen other lawsuits arising out of various disputes with Gorski and state agencies involved in the care of his children.[1]

In addition to suits filed in the District of Kansas and Kansas state courts, Shophar has haled the Kansas residents into the Northern District of Illinois, the Eastern District of Michigan, and Michigan state courts.[2] The Eastern District of Michigan has characterized Shophar's lawsuits as "vexatious, harassing and duplicative,"[3] and concluded that only filing restrictions could "end [Shophar's] campaign to use frivolous litigation as a weapon against anyone remotely related to

---

[1] *See Shophar v. Gorski*, 2018 WL 4442271, at *9 (E.D. Mich. 2018), *report and recommendation adopted*, 2018 WL 4442268 (E.D. Mich. 2018), *aff'd*, 2019 WL 4849253 (6th Cir. 2019), *and report and recommendation adopted sub nom. Shophar v. Gyllenborg*, 2018 WL 4442270 (E.D. Mich. 2018), *aff'd*, 2019 WL 4843745 (6th Cir. 2019) (noting thirteen other lawsuits filed by Shophar); *see also Shophar v. United States*, 2019 WL 6700405, at *1 n.3 (D. Kan. 2019) (noting that the lawsuit before the Court was at least the fourteenth suit filed by Shophar).

[2] *Shophar v. Gorski*, 2018 WL 4442271, at *9 (referencing those cases); Pl.'s Notice of Removal, Doc. 1.

[3] *Id.* at *9.

-2-

his custody fight."[4]  Likewise, the Tenth Circuit has twice affirmed dismissal of Shophar's claims in the District of Kansas, noting that he was given "ample opportunities to make plausible claims," but failed to do so.[5]

## II.     Legal Standard

Federal courts are courts of limited jurisdiction.[6]  A presumption exists against jurisdiction and "the burden of establishing the contrary rests upon the party asserting jurisdiction."[7]  "Motions to dismiss for lack of subject matter jurisdiction 'generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based.' "[8]  If the motion challenges the sufficiency of the complaint's jurisdictional allegations, the district court must accept all factual allegations in the complaint as true.[9]  Finally, although courts must liberally construe pro se plaintiffs' pleadings, they need not assume the role of advocate for the plaintiff.[10]

---

[4] *Id.* at *10–11.

[5] *Shophar v. City of Olathe*, 723 F. App'x 579, 582 (10th Cir. 2018), *cert. denied*, *Shophar v. Kansas*, 140 S. Ct. 454 (2019); *see also Shophar v. United States*, 2020 WL 7053714, at *3 (10th Cir. 2020) ("Then, as here, 'it was not the district court's job to stitch together cognizable claims for relief from the wholly deficient pleading that plaintiff filed. As we have frequently noted, we are loath to reverse a district court for refusing to do the litigant's job.' ") (citation and alterations omitted).

[6] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted).

[7] *Id.* (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182–83 (1936)).

[8] *City of Albuquerque v. U.S. Dep't of Interior*, 379 F.3d 901, 906 (10th Cir. 2004) (quoting *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002), *cert. denied*, 538 U.S. 999 (2003)).

[9] *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

[10] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### III.    Analysis

**A.    Subject-Matter Jurisdiction**

Shophar has failed to make a proper assertion of subject-matter jurisdiction in any of his numerous, convoluted filings—including in his response to the Magistrate Judge's Order to Show Cause.  He instead asserts that he must have his "Day in Court" as to Defendant Gorski's allegedly "fraudulent claim" and Defendant Gyllenborg's allegedly "nefarious order."[11]  He further argues that because "the remedy of an appeal fails in Johnson County," the Court "is obligated to take jurisdiction based on Constitutional laws of 'Due Process.' "[12]

The *Rooker-Feldman* doctrine establishes, however, that federal courts generally lack subject-matter jurisdiction over claims that seek review of adverse state court judgments.[13]  This doctrine bars the losing party in state court "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."[14]  This is the exact nature of Shophar's claim; he asserts a right to trial in U.S. District Court to review Gorski's allegations in her PFS petition and Gyllenborg's subsequent order.[15]  Similarly, this Court has found that it lacked subject-matter jurisdiction under the *Rooker-Feldman* doctrine in the context of a Protection from

---

[11] Pl.'s Show of Cause, Doc. 46, p. 5.

[12] Pl.'s Show of Cause, Doc. 46, p. 16.

[13] *See D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings."); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 416 (1923) (holding that "no court of the United States other than [the Supreme Court] could entertain a proceeding to reverse or modify [a state court's] judgment  for  errors").

[14] *Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1169 (10th Cir. 1998) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)).

[15] Pl.'s Show of Cause, Doc. 46, p. 16.

Abuse Order.[16]  There, the plaintiff requested that the Court set aside a PFA order issued by the Brown County District Court.[17]  Noting that federal district courts "lack appellate jurisdiction to review state court decisions reached in state judicial proceedings," the Court held that the plaintiff's only remedy, to the extent such remedy existed, was to seek review of the state court decision through the Kansas appellate courts.[18]  Here, too, Shophar's only remedy is in the state court.[19]

Furthermore, if Shophar intended to assert any other viable ground for removal, the Court cannot identify it.  Although Shophar references multiple sections of the United States Code as his purported basis for removal, those references are followed by incoherent allegations wholly unrelated to the cited code.  Where a plaintiff makes his complaint "unintelligible by scattering and concealing in a morass of irrelevancies the few allegations that matter," it is not the job of the court to "stitch together cognizable claims for relief from the wholly deficient pleading."[20]  The Court therefore concludes that Shophar has not shown good cause why this case should not be dismissed for lack of subject-matter jurisdiction.  Because the Court must dismiss a case "at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking,"[21] Defendant Gyllenborg's Motion to Dismiss should be granted.  Further, because the Court lacks jurisdiction

---

[16] *Ely v. Hill*, 2001 WL 686149, at *2 (D. Kan. 2001), *aff'd*, 35 F. App'x 761 (10th Cir. 2002).

[17] *Id.*

[18] *Id.* (citation omitted).

[19] *See Shophar v. United States*, 2020 WL 7053714, at *3 (10th Cir. 2020) ("The Shophars' arguments against application of *Rooker-Feldman* amount to little more than complaints that they have been wronged by violations of federal law and a federal court must therefore afford them relief.  But the lower federal courts have no authority—that is, no jurisdiction—to give relief from state-court judgments . . . .").

[20] *Id.* at *3 (quoting *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007)).

[21] *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

over this case, all pending motions in this matter are hereby moot.  The Court will, however, address Defendant Gyllenborg's motion for filing restrictions.

## B.     Filing Restrictions

Due to Shophar's demonstrated abuse of the court system, Gyllenborg requests that Shophar be prevented from filing new lawsuits or removing cases to federal court anywhere within the Tenth Circuit.  It is well-established that "[t]he right of access to the courts is neither absolute nor unconditional"[22] and that "[f]ederal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances."[23]  In light of Shophar's numerous frivolous filings in this case, as well as his history of vexatious and harassing suits in the District of Kansas and elsewhere, the Court finds it necessary to impose filing restrictions on Shophar.

The following factors are relevant to the determination of whether to impose filing restrictions:

> (1) [T]he litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.[24]

---

[22] *Sieverding v. Colorado Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) (quoting *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989)).

[23] *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010) (quoting *Tripati*, 878 F.2d at 352).

[24] *United States v. Kettler*, 1991 WL 94457, at *6 (10th Cir. 1991) (citing *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

Ultimately, the Court must determine "whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties."[25]

Here, Shophar has filed at least fifteen lawsuits in multiple jurisdictions, including the Sixth, Seventh, and Tenth Circuits.  All lawsuits stem from Shophar's grievances with the mother of his children and the government agencies involved in their disputes.  None of Shophar's lawsuits have been found to be meritorious, and the Eastern District of Michigan has described Shophar's harassment of Gyllenborg, Gorski, and others as "significant."[26]  Next, the Court also finds that Shophar cannot have an objective good faith expectation of prevailing in his suits.  This is evidenced by his decision to file multiple, duplicative suits in varying jurisdictions, despite being repeatedly informed that his claims do not raise a cause of action in federal court.[27]  Third, Shophar is not represented by counsel who can assist him in discerning cognizable claims from frivolous, harassing suits.

Fourth, Shophar has imposed needless expense on other parties and has posed an unnecessary burden on the courts.  As addressed above, Shophar has filed numerous lawsuits in varying jurisdictions, often with no regard to the requirements of personal jurisdiction and containing dozens of pages of rambling argument.  In this case alone, he has filed multiple, unnecessary and incomprehensible motions, and his response to the Magistrate Judge's Order to Show Cause was completely nonresponsive.  Fifth, the Court determines that because Shophar's response to any adverse ruling against him is to file a new suit against its source, other sanctions

---

[25] *Id.* (quoting *Safir*, 792 F.2d at 24).

[26] *Shophar v. Gorski*, 2018 WL 4442271, at *11.

[27] *See, e.g.*, *id.* at *9–10.

would not adequately protect the courts and other parties.[28]  Further, Shophar has been given an opportunity to oppose restrictions, but has failed to do so.  Defendant Gyllenborg requested such sanctions in August, and Shophar failed to reply.  In the meantime, however, Shophar filed three frivolous motions and his incoherent response to Magistrate Judge James' Order to Show Cause.

The Court finds that Shophar is likely to continue to abuse the judicial process and that the enumerated factors strongly weigh in favor of imposing filing restrictions.  Accordingly, the Court finds it necessary to impose filing restrictions to deter future frivolous motions and to protect the Court and future defendants from having to expend needless time.  Although, citing *Sieverding v. Colorado Bar Association*,[29] Gyllenborg requests that the Court impose filing restrictions in all federal courts within the Tenth Circuit, the Court elects not to do so.  Shophar has directed his filings in the Tenth Circuit only to the District of Kansas.  Further, he appears to have recently shifted his efforts to the Seventh Circuit—a jurisdiction outside of this Court's reach.  The Court therefore concludes that the imposition of filing restrictions throughout the Tenth Circuit is unnecessary and would do little to deter future filings from Shophar.  Thus, the Court will impose filing restrictions only in the District of Kansas.  Shophar will be required to obtain leave of Court to submit future filings in any existing cases currently pending in the U.S. District Court for the District of Kansas, or to initiate a civil action in the U.S. District Court for the District of Kansas without representation of an attorney licensed to practice in the State of Kansas and admitted to practice before this Court.

---

[28] *See id*. at *11 (noting that monetary sanctions would likely only create further litigation by Shophar).

[29] 469 F.3d 1340, 1344 (10th Cir. 2006).

-8-

**IT IS THEREFORE ORDERED** that Defendant Gyllenborg's Motion to Strike Summons and Third Party Complaint, Motion to Dismiss Third Party Complaint, and Motion for Filing Restrictions (Doc. 22) is **GRANTED in part, DENIED in part, and MOOT in part.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Service (Doc. 15) is **MOOT.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 16) is **MOOT.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Designee Investigator (Doc. 28) is **MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Change Venue (Doc. 37) is **MOOT.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Permanent Injunction (Doc. 38) is **MOOT.**

**IT IS FURTHER ORDERED** that Defendant Gorski's Motion to Set Aside Default Judgment, Motion to Seek Permanent Injunction, and Motion to Dismiss (Doc. 44) is **MOOT.**

**IT IS FURTHER ORDERED** that if Shophar wishes to submit future filings in existing cases or to initiate a civil action in the U.S. District Court for the District of Kansas, he must comply with the following injunction:

1. With the exception of a proper motion for relief from an order under Fed. R. Civ. P. 60, or an objection to this Order, the Clerk shall not accept or file any pro se submissions, filings, pleadings, or other documents by Shophar or on his behalf, including transfers to this Court from other jurisdictions, regardless of the payment of a filing fee, without the express authorization of a judge of this Court.

2. Except in compliance with this Order, the Clerk shall not accept any pleading from Shophar which purports to initiate a civil action.  If Shophar, proceeding pro se, desires to file a new lawsuit in the District of Kansas, he shall file a petition with the Clerk requesting leave to file a complaint or other pleading that includes:

    a. A copy of this Order and any subsequent Order;

    b. A copy of the proposed complaint or pleading;

    c. A list of all other lawsuits or other matters currently pending or previously filed with this Court or any other court, involving the same or similar claims or parties, including the case name and number of each case, and the current status or disposition of each;

    d. A notarized affidavit certifying:

        i. The claims have not been previously asserted and/or do not involve issues previously litigated and resolved; and

        ii. That the claims are not frivolous, malicious, or made in bad faith.

3. Shophar shall mail or otherwise deliver his submissions to the Clerk of the Court, who shall forward them to a judge of this Court for determination whether the complaint or pleading is lacking in merit, duplicative, frivolous, or malicious.  The Court will either allow the filing or issue an Order denying it.  Failure to follow these procedures will result in rejection of any future case Shophar attempts to file in this Court.

Shophar may file objections in writing to the Court's Order issuing the above filing restrictions by no later than 14 days after receipt of this Order.  If Shophar files no objections by that date, the restrictions will be effective without further order of the Court.

**IT IS SO ORDERED.**

This case is closed.

Dated this 9th day of December, 2020.


ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE